## NAGY, et v JACKSON, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10932. Decided Oct 3, 1930

C. H. Potter and Cornelius Maloney, both of Cleveland, for Nagy, et.
E. W. Valka, Cleveland, for Jackson, et.

### PER CURIAM

Plaintiff sues for recission and alleges in his petition that the defendant and the agents representing him had misrepresented to Jospeh Nagy and his wife the value of the property owned by Jackson which was to be given in exchange for the property of the Nagys. Generally speaking, it is quite true that a buyer and seller of property are at arms' length and neither has any right to depend upon the statement of the other as to the value of the property. There is, however, an exception to this rule, namely, that when the party making the statement occupies a fiduciary or confidential relationship to the party to whom the statement is made, a full disclosure must be made as to all particulars, including the matter of value of the property.

This was a contract for exchange. The agents representing Jackson approached the Nagys with a view of effecting an exchange of their property for that of Jackson. These same agents established a re-

lationship of confidence and trust with the Nagys as their agents and therefore they owed to the Nagys the fullest disclosure as to all particulars in the transaction including the matter of the value of the Jackson property.

It is clear that in giving the value of the Jackson property, they exaggerated and over-stated the same and thus induced the Nagys to enter into the contract of exchange.

There is a side light which may be of some importance in this case. It appears that one Adams approached the Nagys with a view of purchasing their property. The Nagys on that occasion refused to sell. We find, however, soon after, these agents representing Jackson effecting this exchange and almost immediately the same Adams with whom the Nagys refused to deal, becomes the purchaser of the Nagy property, it having been sold to him by Jackson as soon as the contract of exchange was signed, and we find also that Adams becomes the occupant of the property of the Nagys even though the Nagys refused to sell to him.

Viewing this case from the evidence presented in the record we are of the opinion that the Nagys were imposed upon and rescission is therefore ordered. A decree will be drawn accordingly.

Vickery, PJ, Levine and Cline, JJ, concur.